IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| PETER W. CANDY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV-06-400-S-EJL |
| | ) | |
| v. | ) | **MEMORANDUM ORDER** |
| | ) | |
| 474 CLUB LLC., et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Peter W. Candy, initiated this action in state court alleging various state law causes of action against Defendants 474 Club LLC, Locally Global Investsments, LLC, Fletcher White, John Lamberson, Kevin Adams, William Benton and Edward Labrie, arising out of a failed real estate development transaction. On October 9, 2006, Defendants 474 Club LLC, Locally Global Investments, LLC, John Lamberson, Kevin Adams, and William Benton (collectively, the "474 Club Defendants") timely removed the action from state court and invoked this Court's jurisdiction on diversity grounds pursuant to 28 U.S.C. § 1332.[1]

In the Notice of Removal, the 474 Club Defendants concede, however, that Defendant White is an Idaho resident, and therefore non-diverse. (Notice of Removal at 1 (stating that White is "an Idaho resident")). Nevertheless, the 474 Club Defendants argue that removal is proper because Defendant White is a sham and/or fraudulently joined defendant. (Notice of Removal ¶¶ 9-10).

---

[1]     On the same date, Defendant White filed a Consent to Removal. (Docket no. 4).

**MEMORANDUM ORDER - 1**

After removal, Defendant Lamberson filed an Answer to Plaintiff's Complaint, while all the other Defendants filed motions to dismiss.[2] Plaintiff, in turn, filed a Motion to Remand and a First Amended Complaint. Plaintiff also filed a Motion for Leave to File First Amended Complaint in regards to Defendant Lamberson, the only Defendant to have filed an Answer. The 474 Club Defendants then filed a Motion to Strike Plaintiff's First Amended Complaint, and Defendant White filed a Motion for Joinder in the Motion to Strike. The motions are now ripe. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record.   Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without a hearing.

## Discussion

Because it concerns the Court's subject matter jurisdiction, the Court first considers the Motion to Remand and the related Motion to Strike Plaintiff's First Amended Complaint. The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  Any doubt as to the right of removal is resolved in favor of remand.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

### Motion to Strike Plaintiff's First Amended Complaint

Rule 15(a) of the Federal Rules of Civil Procedure permits a plaintiff to "amend the party's pleading once as a matter of course at any time before a responsive pleading is served." In

---

[2]        On December 1, 2006, Plaintiff voluntarily dismissed Defendant Locally Global Investments, LLC. (Docket No. 26).

**MEMORANDUM ORDER - 2**

accordance with this Rule, Plaintiff filed a First Amended Complaint as a matter of right against all Defendants except Defendant Lamberson, who has filed a responsive pleading – an Answer. With respect to Defendant Lamberson, Plaintiff moved for leave to file the First Amended Complaint.

Except as to Defendant White, the 474 Club Defendants acknowledge that the First Amended Complaint has been properly filed pursuant to Rule 15. In regards to Defendant White, they move to strike the First Amended Complaint. Defendants' theory is that Plaintiff's First Amended Complaint seeks a "post-removal joinder" of a non-diverse defendant that would "destroy diversity jurisdiction after removal." (Mem. in Supp. at 4).  Therefore, according to Defendants, the Court must consult 28 U.S.C. § 1447(e), which governs post-removal joinder.

The flaw with this argument, of course, is that Defendant White has been a defendant to this action since it was filed in state court. Thornton v. New York Life Ins. Co., 211 F.R.D. 606, 608-09 (N.D. Cal.  2002) (explaining that an allegation of fraudulent joinder does not render a defendant who has been a defendant since the outset of the action an "additional defendant").There has been no "post-removal joinder" of Defendant White because he was a defendant in state court, he was a defendant at removal,[3] and until a ruling on a motion causes his dismissal, he remains a defendant in the federal court action. Id. Accordingly, the Plaintiff appropriately exercised his right under Rule 15(a) to file a First Amended Complaint as to all the Defendants, including Defendant White, who had not filed a responsive pleading. Id. (rejecting application of § 1447(e) and holding that pursuant to Rule 15(a) the plaintiff could "add allegations substantiating already-made claims against an already-named party to the action").  The Motion to Strike and the Motion for Joinder in the Motion to Strike will therefore be denied.

---

[3]        As noted above, Defendant White even filed a Notice of Consent to the Removal.

**MEMORANDUM ORDER - 3**

**Motion to Remand**

The burden is on the Defendants, as the parties asserting federal jurisdiction, to establish the fraudulent nature of the joinder of the non-diverse defendant. A sham or fraudulent joinder occurs when "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." Ritchey v. Upjohn Drug Company, 139 F.3d 1313, 1318 (9th Cir. 1998). If "there is any possibility that a claim can be stated against the allegedly 'sham' defendant," then remand is required. Knutson v. Allis-Chalmers Corp., 358 F.Supp.2d 983, 995 (D. Nev. 2005) (citing id.; McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). Stated another way, "the defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." Good v. Prudential Ins. Co. of America, 5 F Supp 2d 804, 807 (N.D. Cal. 1998). Obviously, this standard is "more lenient than the standard for motions to dismiss." Knutson, 358 F.Supp.2d at 995 (collecting cases). And "a plaintiff need only have one potentially valid claim against a non-diverse defendant" to survive a fraudulent joinder challenge. Id. at 993 (collecting cases).

After reviewing the Plaintiff's original Complaint, the Court would agree with the Defendants that many of the asserted claims against Defendant White are in artfully stated and ambiguous. However, "doubt arising from merely in artful, ambiguous, or technically defective pleadings should be resolved in favor of remand." Alderman v. Pitney Bowes Management Services, 191 F.Supp.2d 1113, 1116 (N.D. Cal. 2002). The Court could even agree that many of the claims fail to fully and completely articulate all the particulars of a given cause of action. But the Court cannot agree that there is no possibility the Plaintiff can set forth a viable claim against Defendant White.

**MEMORANDUM ORDER - 4**

To focus on one claim as an example, the Court notes that on the "individual" fraudulent misrepresentation claim against Defendant White the 474 Club Defendants concede that the Plaintiff has alleged the *prima facie* elements of fraud but argue that the allegations are not presented with sufficient particularity because the Plaintiff's original Complaint does not set forth Defendant White's exact statements. (Resp. to Mot. to Remand at 9; see also White's Resp. to Mot. to Remand at 11-12). Even assuming, without deciding, that Defendants are correct on this point it does not satisfy their burden of showing that there is no possibility the Plaintiff will be able to adequately plead this cause of action. And that is what is required for the Defendants to demonstrate that the Plaintiff has fraudulently joined Defendant White to this action.

Although unnecessary to the Court's analysis, it becomes apparent when one consults the First Amended Complaint that the Plaintiff is able to articulate viable claims against Defendant White.[4] However, the Defendants contend that it is improper to look at the First Amended Complaint because the Ninth Circuit categorically prohibits the district courts from considering an amended pleading when determining a court's jurisdiction. (See e.g., Resp. to Mot. to Remand at 6; White's Resp. to Mot. to Remand at 4-8 (citing Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc., 159 F.3d 1209 (9th Cir.1998)).

In Sparta, the plaintiff's state court complaint alleged a federal cause of action that rendered the action removable. After removal, the plaintiff sought to amend the complaint to drop the federal cause of action and deny the federal court jurisdiction. The Ninth Circuit stated that the amended complaint "was of no moment to us, however, for jurisdiction must be analyzed on the basis of the

---

[4]         Because the standard for determining whether Defendants have shown that White is a sham defendant is different than the standard bearing on the motions to dismiss, nothing in this Order can or should be deemed dispositive as to any motion to dismiss.

**MEMORANDUM ORDER - 5**

pleadings filed at the time of removal without reference to subsequent amendments[;] a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based." <u>Sparta Surgical Corp.</u>, 159 F.3d at 1213.

Contrary to the Defendants' representation, this language from <u>Sparta</u> has been interpreted as applicable only when the "existence of federal question jurisdiction [can be] determined from the face of the [state court] complaint," <u>id.</u> at 1211, and the plaintiff's amended complaint is an attempt to destroy federal jurisdiction, <u>Chabner v. United of Omaha Life Ins. Co.</u>, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (explaining "that [the <u>Sparta</u>] rule applies mainly in cases where the amended complaint attempts to destroy federal jurisdiction after the case has been properly removed"). Thus, where the plaintiff's state court complaint was silent as to certain jurisdictional requirements, the Ninth Circuit has permitted the federal district court to consider "later-filed" amendments to the pleadings filed at removal. <u>See e.g.</u>, <u>Cohn v. Petsmart, Inc.</u>, 281 F.3d 837, 840 n.1 (9th Cir. 2002) (explaining that it was not error for the federal district court to consider a "later-filed" amendment to the notice of removal when determining jurisdiction ). And where, as here, the allegations set forth in the state court complaint actually appear to bar removal, courts have considered the plaintiff's amended complaint as a clarification to the allegations bearing on the federal court's jurisdiction. <u>See e.g.</u>, <u>Schuster v. Gardner</u>, 319 F.Supp.2d 1159, 1163-64 (S.D. Cal. 2003) (distinguishing <u>Sparta</u> and considering for jurisdictional purposes an amended complaint that merely clarifies the plaintiff's original allegations); <u>Thornton</u>, 211 F.R.D. at 608-09 (same).

The Court repeats, that while it is not necessary to refer to the Plaintiff's First Amended Complaint in order to conclude that Defendants have failed to carry their burden of demonstrating Defendant White has been fraudulently joined, the Court does not believe it would be improper to

**MEMORANDUM ORDER - 6**

do so. To hold otherwise, would elevate form over substance. <u>Alderman</u>, 191 F.Supp.2d at1115-1116 (explaining, after a review of the case law, "the court concludes that an overly mechanistic approach to defendant's fraudulent joinder claim is not appropriate" and that it "does not find it appropriate . . . to confine its consideration"). In any event, the Plaintiff's Motion to Remand is well taken and this case will be remanded to state court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. The Court declines at this time, however, to exercise its discretion to award attorney's fees to the Plaintiff. <u>See</u> <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132 (2005).

**ORDER**

Based on the foregoing, and being fully advised in the premises, **IT IS HEREBY ORDERED** that:

The Motion to Strike First Amended Complaint (docket no. 21), and Motion for Joinder in Motion to Strike First Amended Complaint (docket no. 29) are **DENIED**;[5] and

Plaintiff's Motion to Remand (docket no. 12) is **GRANTED**, and the above-entitled action is remanded to the district court of the Fifth Judicial District of the State of Idaho, In and For the County of Blaine, No. CV 06-609; and the Clerk shall mail a certified copy of this Order to the Clerk of the aforesaid Idaho state court forthwith.

DATED:  **January 31, 2007**

Honorable Edward J. Lodge
U. S. District Judge

---

[5]      The pending motions to dismiss (docket nos. 6, 9, & 31), and the Motion to Amend/Correct Complaint (docket no. 19), must be decided, at its discretion, by the state court.

**MEMORANDUM ORDER - 7**